# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO DETRAY BATTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:07-cv-773-WMA-TMP |
| ) | |
| JERRELL YOUNG, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on January 22, 2009, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on February 27, 2009. (Doc. 58.)

In his objections, the plaintiff states that he asked unknown jail officials to be placed in protective custody because he would be testifying against his co-defendants in a murder case. He contends one detective laughed and replied, "You want to snitch and now turn to the police for help." (Doc. 58 at 2.) The plaintiff submits several grievances in support of his claim that he notified jail officials that he needed to be placed in protective custody but did not receive an answer. (Doc. 58.) The plaintiff reasserts his claim that the defendants did not use proper protocol in opening the cell doors, which allowed the three inmates to attack him. Lastly, the plaintiff disputes Defendant Molay's testimony that he was not at work on the day the attack took place.

On May 16, 2008, the court entered an order notifying the plaintiff that the defendants' Special Report had been construed as a motion for summary judgment. The plaintiff was further notified:

> When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. The party opposing the motion must respond with counter-affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact to be litigated at the trial. If the party opposing the motion does not comply with Rule 56, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute.

(Doc. 36.)

Until now, the plaintiff has never alleged that he notified jail officials that he needed to be placed in protective custody. Indeed, in his June 23, 2008, response to the defendants' motion for summary judgment (Doc. 41), the plaintiff did not set forth any of the facts he now alleges nor did he submit the grievances he purportedly submitted to jail officials requesting protection.[1] Additionally, the plaintiff did not dispute in his response Defendant Molay's affidavit testimony that he was not at work on January 21, 2007.

The plaintiff cannot state new facts at this stage in the proceedings. The court has the discretion to decline to consider new arguments not previously made to the magistrate judge. See Williams v McNeil, ___ F.3d ___, 2009 WL 311298 (11th Cir., Feb. 10, 2009); see also Stephens v. Tolbert, 471 F.3d 1173, 1175 (11th Cir. 2006). The court declines to consider the evidence and arguments now presented by the plaintiff when he has not explained why this could not have been presented to the magistrate judge. If magistrate judges are to be used efficiently by the court, litigants should not be allowed to hold in reserve arguments and evidence they could have presented to the magistrate judge, only to come forward with the evidence after losing before the magistrate

---

[1] The validity of these grievances is questionable. Specifically, the grievances appear to be twelve copies of the same document but with different dates. (Doc. 58.)

judge. To allow litigants to do so would completely undercut the effectiveness of magistrate judges in defining the scope of factual and legal issues, and in providing a preliminary assessment of those issues.

Declining to consider plaintiff's new evidence, the court turns to the plaintiff's claim that the defendants did not use proper procedures in allowing inmates back into the cell blocks. At most, this claim alleges only that defendants' conduct was negligent. However, neither negligence nor a lack of due care is actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 9th day of March, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE